gate's determination in this matter because the appellant's petition to revoke the letters contains no factual allegation to warrant the conclusion that the infant widow's interests would be promoted by the appointment of appellant. The petition contains merely opinions and beliefs conclusory in nature and not the required factual allegations (*Matter of Gori,* 129 Misc. 541: 2 Warren's Heaton Surrogates' Court, § 132, par. 2, cls. [d], [f]; 1 Harris, New York Estates Practice Guide, § 381). (Appeal from order of Wayne County Surrogate's Court, granting limited letters.) Present — Goldman, P. J., Del Vecchio, Witmer, Cardamone and Simons, JJ.

■ · THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS ENDERBY, Appellant, v. VINCENT R. MANCUSI, as Superintendent of Attica Correctional Facility, Respondent.— Appeal unanimously dismissed on the ground that relator has been released on parole. (See *People ex rel. Wilder* v. *Markley,* 26 N Y 2d 648.) (Appeal from judgment of Wyoming County Court dismissing writ of habeas corpus.) Present — Del Vecchio, J. P., Marsh, Witmer, Moule and Henry, JJ.

■ · THE PEOPLE OF THE STATE OF NEW YORK ex rel. STEPHEN GUDD, Appellant, v. VINCENT R. MANCUSI, as Superintendent of Attica Correctional Facility, Respondent.— Appeal unanimously dismissed on the ground that relator has been released on parole. (See *People ex rel. Wilder* v. *Markley,* 26 N Y 2d 648.) (Appeal from judgment of Wyoming County Court dismissing writ of habeas corpus.) Present — Del Vecchio, J. P., Marsh, Witmer, Moule and Henry, JJ.

■ DEPARTMENT OF PUBLIC WORKS OF THE CITY OF HORNELL, Respondent, v. TOWN OF HORNELLSVILLE et al., Defendants, and WILLIAM G. HOLLANDS et al., Appellants.— Order unanimously affirmed, without costs. Memorandum: County Court confirmed the award of the Commissioners of Appraisal with respect to damages for the taking of an aviation easement over defendants' parcel 15. The Commissioners' same report and supplemental report, however, contained another award for consequential damages for property owned by defendants adjacent to and northerly of parcel 15 which was not condemned. The basis of the award was that the contemplated use by the city of parcel 15 and adjacent parcels southerly thereof which were the subject of the condemnation proceeding "has cast a cloud of unmarketability of title upon" defendants' remaining property, and therefore the Commissioners awarded defendants the sum of $37,260 as damages for such *de facto* taking. No cause of action for such alleged taking exists in New York (*City of Buffalo* v. *Clement Co.,* 28 N Y 2d 241). If defendants' fears are realized in the future by the use of the airport in such manner as to violate defendants' rights on and over their property north of parcel 15, such use might constitute a taking and constitute inverse condemnation for which defendants might then seek compensation. On the case presented to the Commissioners, however, such facts do not exist; and the Commissioners erred as a matter of law in making an award for such alleged damages. The established law is that upon a motion to confirm an award by Commissioners of Appraisal in a condemnation proceeding the court must either approve or disapprove the award and may not modify it (*Matter of Huie,* 2 N Y 2d 168, 171). The Commissioners of Appraisal in this case, however, made two separate awards in their report, one with respect to defendants' parcel 15, an easement over which was condemned in the proceeding, and the other with respect to defendants' lands lying northerly of parcel 15, which petitioner did not seek to condemn but as to which defendants claim consequential damages. Although defendants' claims with respect to these properties arise from petitioner's expansion of its airport and the claims are related, they